**GENOVA BURNS GIANTOMASI WEBSTER LLC**
Kathleen Barnett Einhorn, Esq.
Rajiv D. Parikh, Esq.
Charles J. Messina, Esq.
494 Broad Street
Newark, New Jersey 07102
TEL:   (973) 533-0777
FAX:   (973) 533-1112
*Attorneys for Plaintiff,*
*Panda Apparel, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PANDA APPAREL, LLC, <br><br>      Plaintiff, <br><br> v. <br><br> SPIRIT CLOTHING COMPANY, INC. <br><br>    Defendant. | Civil Action No._____ <br><br> **COMPLAINT** <br><br> *Document Filed Electronically* |

**COMPLAINT FOR DECLARATORY JUDGMENT**

   Plaintiff, Panda Apparel, LLC ("Plaintiff"), by its attorneys Genova Burns Giantomasi Webster LLC, for its complaint against the defendant, Spirit Clothing Company, Inc. ("Defendant" or "Spirit"), alleges as follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

   1.  This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. §1051, et  seq., and related state and common law claims concerning unfair competition, and Defendant's claimed trademark registration pursuant to the Lanham Act,  15 U.S.C. § 1119, et seq.

**PARTIES**

2.      Plaintiff, a limited liability company with a principal place of business at 10 Fadem Road, Unit 2, Springfield, New Jersey 07081, does business within the State of New Jersey.

3.      Defendant is, upon information and belief, a California corporation with its principal place of business at 2211 East 37th Street, Los Angeles, California 90058.

4.      Upon information and belief, Defendant does business within the State of New Jersey.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this Complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, as well as under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and pursuant to 28 U.S.C. §§ 1331, 1332, and 1367 and 15 U.S.C. § 1121.

6.      Further, this Court has personal jurisdiction over Defendant because Defendant has established the requisite minimum contacts with this forum, and Defendant also has substantial, continuous, and systemic contacts with the State of New Jersey.  Upon information and belief, Defendant has made its product available for purchase at trade shows and conferences within the State of New Jersey, offers to sell its goods into the State of New Jersey, and sells and offers to sell its goods into the State of New Jersey to residents of the State of New Jersey and the public at large via catalog, telephone orders, and orders taken over its website.  By virtue of these actions, Defendant has purposefully availed itself of the privilege of conducting business in this State and in this judicial district.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c) because, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this district and Defendant is subject to personal jurisdiction in this district.

8.     An actual case or controversy exists between the parties.  As described below, Defendant has asserted that it has trademark rights to an applied-for trademark, which was placed on the Supplemental Register.

<u>**FACTS**</u>

9.     Plaintiff has for many years produced apparel, including its Boyfriend Jersey (the "BF Jersey"), a sweatshirt which contains athletic stripes and ornamental stitching.

10.     Plaintiff's BF Jersey is marketed primarily for use as activewear.  As a result, the "sportiness" of this product is important, as well as the usual considerations of structural integrity.   In order to enhance the "sportiness" of apparel, manufacturers have typically incorporated athletic stripes and ornamental stitching found in more standard athletic wear.

11.     Upon information and belief, Defendant claims to own trademark rights to a functional and ornamental design used in the construction of certain of its garments which are sold by Defendant as "Spirit Jersey" activewear products.

12.     On April 14, 2012, Defendant filed an application in the U.S. Patent and Trademark Office ("USPTO") seeking registration on the Principal Register under 15 U.S.C. § 1051 for the mark shown in the drawing attached therewith, without any words, letters, or numbers.  The applied-for mark was originally described in the application, among other limiting descriptions, as "a yoke stitched with cover stitch details on dropped shoulder seams and a yoke stitched across the chest and back of the shirt."

13.     On July 29, 2012, the USPTO issued an Office Action regarding Defendant's application in which it refused registration of the applied-for mark on the basis that the claimed mark "is merely a decorative or ornamental feature of applicant's clothing; it does not function as a trademark to identify the source of applicant's clothing and distinguish applicant's clothing from others" (the "Trademark Refusal").

14.     On November 26, 2012, Defendant responded to the Office Action (the "November 26, 2012 Response"), but failed to address the Trademark Refusal described above, and amended its application to seek registration on the Supplemental Register under 15 U.S.C. § 1091, rather than presenting arguments that the applied-for mark had acquired distinctiveness or was an indicator of secondary source.

15.     In the November 26, 2012 Response, Defendant admitted that "[t]he mark is a three-dimensional configuration of the goods."

16.     On January 22, 2013, the applied-for mark was registered on the Supplemental Register as Registration No. 4,280,977 (the "'977 Registration").

17.     Pursuant to 15 U.S.C. § 1094, a Supplemental Registration does not convey the presumptions of validity, ownership, and exclusive rights to use the mark that attach with a registration on the Principal Register.

18.     The claims contained in the '977 Registration are limited to a design with cover stitch seams creating horizontal and vertical lines.  Specifically, the '977 Registration sets forth the following:

The mark consists of a yoke stitched with cover stitch details on dropped shoulder seams and a yoke stitched across the chest and back of the shirt.  The drawing shows the word "NANTUCKET" in dashed lines to indicate that such word does not form part of the mark, but merely indicates placement on the back portion of the mark  a  space  where  wording is presented.  The dashed lines running  approximately horizontally across, and vertically in the dropped shoulder area, do form part of the mark,  representing the yoke and cover stitch details set forth in the description of the mark.

19.     Plaintiff's BF Jersey uses a single row of exposed stitching, not a "cover stitch," and is different from the two rows of stitching as described in the '977 Registration.

20.     Further, the BF Jersey single needle stitch results in a single row of exposed stitching, which has a significantly different function, look and method of manufacture than the stitch described in the '977 Registration.

21.     The BF Jersey, among other differences, also has a stripe stitched in a straight line across the sleeve several inches from the armpit portion of the garment, resulting in seams that are not "vertical" as described in the '977 Registration.

**CLAIMS FOR RELIEF**

**COUNT I**

**DECLARATORY JUDGMENT OF FAILURE OF DESIGN TO   FUNCTION   AS   TRADEMARK   −   MERELY ORNAMENTAL**

22.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 21 of this Complaint.

23.     Defendant claims to own trademark rights in the design of its Spirit Jersey, which

Plaintiff denies.

24.     Defendant's claimed trademark is a simple, functional design consisting of horizontal and vertical cover stitching which is merely ornamental, and is a decorative feature of the apparel on which the design is utilized.

25.     The use of horizontal and vertical cover stitching fails to function as a trademark because it fails to identify or distinguish Defendant's goods from those of any other apparel products.

26.     Defendant's claim to exclusive rights to its supposed mark is contrary to the Lanham Act, 15 U.S.C. § 1051, et seq., and is outside the scope of any cognizable claim of rights under the Lanham Act.

27.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

28.     Plaintiff seeks declaratory judgment from this Court that Defendant's Spirit Jersey design is not capable of protection under trademark law because it is merely ornamental and does not indicate a single source for apparel products to purchasers and the general public.

29.     Plaintiff further seeks a declaratory judgment from this Court that Defendant's claimed trademark does not constitute a valid, protectable trademark.

## COUNT II

### DECLARATORY JUDGMENT OF FAILURE OF DESIGN TO FUNCTION AS TRADEMARK − AESTHETICALLY FUNCTIONAL

30.     Plaintiff hereby realleges and incorporates by reference the allegations of

paragraphs 1 through 29 of this Complaint.

31.   Defendant claims to own trademark rights in the design of its Spirit Jersey, which Plaintiff denies.

32.   Defendant's claim to exclusive rights to its alleged mark is contrary to the Lanham Act, 15 U.S.C. § 1051, et seq., and is in contravention of the doctrine of aesthetic functionality.

33.   An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

34.   Plaintiff seeks declaratory judgment from this Court that the Spirit Jersey design is not capable of protection under trademark law because it, among other things, significantly hinders the ability of other apparel competitors to fairly compete in the marketplace.

35.   Plaintiff further seeks declaratory judgment from this Court that Defendant's claimed trademark does not constitute a valid, protectable trademark.

## COUNT III

### DECLARATORY JUDGMENT OF FAILURE OF DESIGN TO FUNCTION AS TRADEMARK − LACK OF SECONDARY MEANING

36.   Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 35 of this Complaint.

37.   Defendant claims to own trademark rights in the design of its Spirit Jersey, which Plaintiff denies.

38.   Defendant's claimed trademark is a simple design consisting of horizontal and

7

vertical cover stitching, which is not inherently distinctive.

39.     The use of the design fails to function as a trademark because it has not acquired distinctiveness such that it indicates the source of Defendant's goods and distinguishes those goods from those sold by any other apparel company.

40.     Defendant's claim to exclusive rights to its supposed mark is contrary to the Lanham Act, 15 U.S.C. § 1051, et seq., and outside the scope of any cognizable claims of rights Defendant may have thereunder.

41.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

42.     Plaintiff seeks declaratory judgment from this Court that the use of the Spirit Jersey design is incapable of protection under trademark law because it has not acquired distinctiveness such that the claimed trademark functions as an indicator of source of apparel products to purchasers or the general public.

43.     Plaintiff seeks declaratory judgment from this Court that Defendant's claimed trademark does not constitute a valid, protectable trademark.

## COUNT IV

## DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

44.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 43 of this Complaint.

45.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

8

46.     Plaintiff seeks declaratory judgment from this Court that the use, sell or offer to sell the BF Jersey is not likely to cause confusion as to the source, affiliation, or sponsorship of Plaintiff's goods with that of Defendant, among an appreciable number of purchasers.

47.     Plaintiff further seeks declaratory judgment from this Court that Plaintiff's manufacture, use, and/or sale of the BF Jersey in interstate commerce does not constitute trademark infringement under Federal or common law.

## COUNT V

## DECLARATORY JUDGMENT OF NO FALSE DESIGNATION OF ORIGIN

48.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 47 of this Complaint.

49.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

50.     Plaintiff seeks declaratory judgment from this Court that Plaintiff's manufacture, use, sale or offers to sell the BF Jersey in interstate commerce does not constitute false designation of origin under Federal or common law.

51.     Defendant's anticipated allegations of false designation of origin adversely affect Plaintiff and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiffs rights, Plaintiff will be in doubt as to its right to continue to make, use, sale, or offer to sell its BF Jersey.

## COUNT VI

## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

52.     Plaintiff hereby realleges and incorporates by reference the allegations of

paragraphs 1 through 51 of this Complaint.

53.    Plaintiff has not unfairly competed and is not unfairly competing with Defendant under the common law of unfair competition or under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.    An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

55.    Plaintiff seeks declaratory judgment from this Court that Plaintiff's manufacture, use, sale, or offers to sell the BF Jersey in interstate commerce does not constitute unfair competition under Federal or common law.

56.    Defendant's anticipated allegations of unfair competition adversely affect Plaintiff and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiff's rights, Plaintiff will be in doubt as to its right to continue to manufacture, use, sell, or offer to sell its BF Jersey.

## COUNT VII

### DECLARATORY JUDGMENT OF NO TORTIOUS ACTIVITY IN VIOLATION OF ANY FEDERAL, STATE, OR COMMON LAW

57.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 56 of this Complaint.

58.    An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

59.    Plaintiff seeks declaratory judgment from this Court that Defendant has not suffered and will not in the future suffer, any damages or loss of goodwill as a result of

Plaintiff's manufacture, use, or sale of the BF Jersey.

60.     Plaintiff seeks declaratory judgment from this Court that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125.

61.     Defendant's anticipated allegations of tortious activity adversely affect Plaintiff and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiff's rights, Plaintiff will be in doubt as to its right to continue to manufacture, use, sell, or offer to sell its BF Jersey.

## COUNT VIII

## DECLARATORY JUDGMENT OF NO TRADEMARK DILUTION OR TARNISHMENT

62.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 61 of this Complaint.

63.     An  actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning Defendant's rights in and to the Spirit Jersey design and whether Plaintiff's marketing, sale, and/or offering for sale of the BF Jersey constitutes trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), or other law.

64.     Defendant has not engaged in substantially exclusive use of the Spirit Jersey design, and the Spirit Jersey design is not distinctive.

65.     The Spirit Jersey design is not famous.

66.     The use, marketing, sale, or offers for sale of the BF Jersey is not likely to dilute or tarnish the alleged distinctive quality or harm the reputation of Defendant's claimed Spirit Jersey design trademark.

67.     Plaintiff seeks a declaratory judgment from this Court that Plaintiff's use, marketing, sale, and/or offering for sale of the BF Jersey has not and does not dilute or tarnish Defendant's claimed Spirit Jersey design trademark, and that Defendant's alleged mark does not qualify as famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IX

### DECLARATION OF INVALIDITY OF DEFENDANT'S ALLEGED DESIGN TRADEMARK

68.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 67 of this Complaint.

69.     The '977 Registration is not distinctive and does not possess secondary meaning associated with a source of particular goods or services.

70.     As such, Plaintiff seeks a declaratory judgment from this Court that Defendant has no valid or enforceable trademark right in the design, including as depicted and described in the '977 Registration.

## COUNT X

### CANCELLATION OF SUPPLEMENTAL REGISTRATION NO. 4,280, 977

71.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 70 of this Complaint.

72.     Pursuant to 15 U.S.C. § 1064, a mark may be cancelled at any time if the registered mark is functional.

73.     The components of Defendant's alleged federal trademark, the '977 Registration,

are functional components related to attaching pieces of fabric in order to produce a garment.

74.     Defendant's alleged trademark, the '977 Registration, is merely a decorative or ornamental feature of Defendant's clothing and does not function as a trademark.

75.     Plaintiff will be damaged by Defendant's continued registration of the design components shown in the '977 Registration.

76.     Therefore, the alleged  federal  trademark, the '977 Registration, is invalid, unenforceable, and should be cancelled  in accordance with Section 14 of the Lanham Act, 15 U.S.C. §§ 1064 and 1119.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment:

a.     Declaring that Defendant's claimed trademark fails to function as an indicator of source because it is merely ornamental and/or lacks secondary meaning;

b.     Declaring that Defendant's claimed trademark is not protectable under the doctrine of aesthetic functionality;

c.     Declaring that Plaintiff's and its affiliates' conduct, including their promotion, advertising, sale, and offer for sale of the BF Jersey, does not constitute trademark  infringement, false designation of origin, or unfair competition under the Lanham Act or any other federal, state, or common law, including but not limited to rights arising under 15 U.S.C. §§ 1114 and 1125;

d.     Declaring that there is no likelihood of consumer confusion between the BF Jersey sold by Plaintiff and Defendant's alleged Spirit Jersey trademark, including as  depicted in

the '977 Registration, as used in connection with Defendant's products;

      e.      Declaring that Defendant has no valid or enforceable right in the Spirit Jersey design, including as depicted in the '977 Registration;

      f.      Cancelling Defendant's federal registration for the Spirit Jersey design (the '977 Registration);

      g.      Awarding Plaintiff its reasonable attorney's fees and costs herein; and

      h.      Granting Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**GENOVA BURNS GIANTOMASI WEBSTER LLC**
*Attorneys for Plaintiff,*
*Panda Apparel, LLC*


By:  s/Rajiv D. Parikh_____
      RAJIV D. PARIKH


DATED:  September 3, 2014

14

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Pursuant to L. Civ. R. 11.2, the undersigned counsel for Plaintiff hereby certifies that this matter in controversy is not the subject of any action pending in any court, or of any pending arbitration or administrative proceeding.

**GENOVA BURNS GIANTOMASI WEBSTER LLC**
*Attorneys for Plaintiff,*
*Panda Apparel, LLC*

By:  s/Rajiv D. Parikh                                    
      RAJIV D. PARIKH

DATED:  September 3, 2014