**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANDA APPAREL, LLC<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT CLOTHING COMPANY, INC.,<br><br>Defendants. | Civil Action No. 14-5514 (JLL) (JAD)<br><br>**ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Spirit Clothing Company, INC., ( "Defendant")'s motion to dismiss for lack of jurisdiction or in the alternative transfer the case Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. 1404(a). (ECF No. 13) The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and it appearing that:

1. Under Fed. R. Civ. P. 12(b)(1), a party may move for dismissal of a case based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3rd Cir. 2012) (citing *Mortensen*, 549 F.2d at 891). In a facial attack, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint

and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *In re Schering*, 678 F.3d at 243. "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case – and here the District Court may look beyond the pleadings to ascertain that the facts – do not support the asserted jurisdiction." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3rd Cir. 2014). "[T]he trial court is free to weigh the evidence ... and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. Moreover, "[t]he Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction." *Edmunds Holding Co. v. Autobytel, Inc.*, 598 F. Supp. 2d 606, 608 (D. Del. 2009) (internal quotation marks omitted). "A plaintiff bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists." *See Id.* at 608-609.

2. Defendant contends that on its face, Plaintiff's Complaint fails to provide any facts supporting its allegation that an actual controversy between the parties existed at the time it filed the Complaint. Defendant argues that Plaintiff merely repeats the allegation "[a]n actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference" throughout its Complaint. (*See* Dkt. #1 at ¶¶ 8, 27, 33, 41, 45, 49, 54, 58, and 63). However, Defendant contends, this bare assertion is nothing but a legal conclusion. Defendant states that this Court is not required to accept such an allegation to be true. *Constitution*, 757 F.3d at 358, n. 14 ("the District Court, while required to accept factual assertions ... [that] plausibly suggest an entitlement to relief,' is not required to accept 'bare assertions,' . . . or legal conclusions") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-681, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Defendant argues that the only relevant facts even alleged are: (1) Spirit claims to own trademark rights in the unique ornament features of its Spirit Jersey, (2) Spirit owns U.S. Trademark Registration No. 4,280,977 (the "'977 Registration") covering such unique, ornamental features, and (3) Panda sells the BF Jersey having athletic stripes and ornamental stitching. (Dkt. #1, ¶¶ 9-21). Even if these facts are accepted as true, Defendant asserts, they fall well short of the actual controversy requirement of the Declaratory Judgment Act under *MedImmune*. The mere fact that Defendant owns trademark rights in the Spirit Jersey, has sued other companies or that Plaintiff sells the BF Jersey, does not constitute a manifestation of intent by Defendant to enforce its rights against Plaintiff. *Prasco,* 537 F.3d at 1339. Defendant contends that at the time Plaintiff filed its Complaint, its fear of suit from Defendant, at most, was subjective and speculative.

3. In response to Defendant's arguments, Plaintiff filed a cross-motion to stay the proceedings within this district, pending the decision on a motion to dismiss filed by Plaintiff in a virtually identical action instituted by Defendant in California. In the alternative, Plaintiff argues that it has demonstrated a sufficient case or controversy based on the fact that Defendant has instituted numerous actions against similarly situated apparel companies selling the same product over the past year. Plaintiff contends that it is entitled to a declaration of its rights in the production and marketing of the Jersey Design.

4. The Court finds that this action should be held in abeyance pending a resolution of similar venues issues presently before the United States District Court for the Central District of California. This Court has recognized that District Judges possess the discretion to "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect or be dispositive of the issues". *Baus Yaakov of Spring Valley v. Peterson's Nelnet, LLC,* 2011 U.S.

Dist LEXIS 1012743, at *3-4 (D.N.J. 2011)( quoting *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am. Co.,* 544 F.2d 1207, 1215(3d Cir. 1976)). The factors that this Court should consider as to whether to order a stay include (1) whether a stay will simplify issues and promote judicial economy, (2) the balance of harm to the parties, and (3) the length of the stay. *McDonald v. Novartis Pharms., Corp.,* 2007 U.S. Dist. LEXIS 86140 at *1 (D.N.J. 2007). The burden is on the moving party to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936).

5. The Court finds that a stay in this matter will simplify the issues and promote judicial economy by allowing the United States District Court, District of California to determine the relevant issues, while also avoiding potentially inconsistent rulings in this Circuit. The Court also finds that there would be no harm to either party, as Defendant has already stated in its motion that it is more convenient to litigate these issue in the Central District of California. Finally, the length of the stay will be minimal. Indeed, this matter will only be stayed until the Central District of California determines where jurisdiction is appropriate in that district or whether the entire matter should proceed in the District of New Jersey. It is therefore;

ON THIS 8th day of **June, 2015;**

**ORDERED** that in the interests of fairness and judicial economy, Plaintiff's motion to stay is **GRANTED.** This matter is stayed pending the Central District of California Court's decision as to where jurisdiction is appropriate as to this particular matter.

**IT IS SO ORDERED.**

José L. Linares
United States District Judge