**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANDA APPAREL, LLC<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT CLOTHING COMPANY, INC.,<br><br>Defendants. | Civil Action No. 14-5514 (JLL) (JAD)<br><br>**ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Spirit Clothing Company, INC., ("Defendant")'s motion to dismiss Plaintiff Panda Apparel, LLC ("Plaintiff")'s Complaint (ECF No. 1) for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. 1404(a). (ECF No. 13) The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and it appearing that:

1. On June 9, 2015, this Court held this action in abeyance pending a resolution of similar venues issues in a nearly identical action presently before the United States District Court for the Central District of California. (ECF No. 27). Thereafter, on June 12, 2015, the United States District Court for the Central District of California transferred the nearly identical action (15-4022) to this Court. In light of the California Court's decision, this Court hereby vacates the stay issued in this action and now decides Defendant's pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1):

2. Under Fed. R. Civ. P. 12(b)(1), a party may move for dismissal of a case based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3rd Cir. 2012) (*citing Mortensen*, 549 F.2d at 891). In a facial attack, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *In re Schering*, 678 F.3d at 243. "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case – and here the District Court may look beyond the pleadings to ascertain that the facts – do not support the asserted jurisdiction." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3rd Cir. 2014). "[T]he trial court is free to weigh the evidence ... and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. Moreover, "[t]he Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction." *Edmunds Holding Co. v. Autobytel, Inc.*, 598 F. Supp. 2d 606, 608 (D. Del. 2009) (internal quotation marks omitted). "A plaintiff bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists." *See Id.* at 608-609.

3. On September 3, 2014, Plaintiff Panda filed a Complaint seeking a declaratory judgment that its "BF Jersey" does not infringe trademark rights owned by Defendant Spirit (ECF No. 1). Defendant Spirit argues that Plaintiff Panda's Complaint fails to provide any facts supporting its allegation that an actual controversy between the parties existed at the time it filed

the Complaint. Defendant Spirit contends that Plaintiff Panda merely repeats the allegation "[a]n actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference" throughout its Complaint. Defendant Spirit states that this bare assertion is nothing but a legal conclusion that the Court is not required to accept. Defendant Spirit asserts that the only relevant facts even alleged are: (1) Spirit claims to own trademark rights in the unique ornament features of its Spirit Jersey, (2) Spirit owns U.S. Trademark Registration No. 4,280,977 (the "'977 Registration") covering such unique, ornamental features, and (3) Panda sells the BF Jersey having athletic stripes and ornamental stitching. (ECF No. 1, ¶¶ 9-21). Defendant Spirit argues that even if these facts are accepted as true, they fall well short of the actual controversy requirement.

Moreover, Defendant Spirit argues that even though Plaintiff Panda technically filed this action before Defendant Spirit filed the California action (now transferred) against Plaintiff Panda, Plaintiff Panda's Complaint, while filed first, cannot be afforded the benefit of the "first-filed" rule. Defendant Spirit asserts that because Plaintiff Panda's Complaint lacks subject matter jurisdiction, this Court does not have the power to hear this case.

4. Plaintiff Panda responds to Defendant Spirit's motion by stating that this Court has appropriate subject matter jurisdiction because (1) Spirit claims trademark right to certain ornamental feature of the jersey design; (2) Panda markets and manufactures the BF jersey, which is a non-infringing variant of the Jersey Design; and (3) Spirit has been aggressively suing entities, including entities based in New Jersey, who market and/or manufacture variants of the Jersey design.

5. The Court finds that Defendant Spirit has established that Plaintiff Panda's Complaint lacks sufficient factual allegations to support a claim that an actual, justiciable controversy

existed at the time Plaintiff Panda filed its Complaint on September 3, 2014. Although, Plaintiff Panda attempts to provided new information in the form of a declaration which states that a Panda executive was concerned that Panda might be sued after it introduced its "Boyfriend Jersey"; Plaintiff Panda makes no allegations that Defendant Spirit threatened litigation or even spoke to Panda regarding its trademark rights prior to the filing date. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) ("Thus, as we explained post-*MedImmune*, 'jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee.'"). Because there was no affirmative and overt act on Defendant Spirit's behalf alleging infringement in this case, an actual and justiciable controversy does not exist. Therefore, this Court lacks subject matter jurisdiction.

Moreover, because Plaintiff Panda's Complaint lacks subject matter jurisdiction, Plaintiff Panda's Complaint, while filed first, cannot be afforded the benefit of the "first-filed" rule. *See e.g. In re SemCrude*, L.P., 442 B.R. 258, 271 (D. Del. 2010) ("However, the 'first-filed' rule presupposes the Court's proper subject jurisdiction over an action and does not itself provide an independent basis for finding jurisdiction where it otherwise does not exist. Thus, the "first-filed" rule, on its own with nothing more, does not provide the Court with a basis for finding subject matter jurisdiction over the transferred action involving the Non-Tender Parties."). However, as Plaintiff Panda correctly notes, this Court is tasked with "fashioning a flexible response to the issue of concurrent jurisdiction," when dealing with the first-file rule and are afforded "the flexibility necessary to fit the individualized circumstances." *See United States v. Criden*, 648 F.2d 814, 818 (3d Cir. 1981). Therefore, because the Court is presiding over the

nearly identical action relating to this matter, the Court will allow Plaintiff Panda to assert counter-claims in order to pursue the declaratory judgment it sought by filing the instant action. Plaintiff Panda does not object to the Court's approach, as it states that "Panda would not object to a realignment of the parties, if the Court determined it is appropriate to position Spirit as the Plaintiff in this matter." (Pl's Opp. Brief at 5, N.4). Therefore;

IT IS ON THIS 21 day of July, 2015;

**ORDERED** that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. is **GRANTED.** (ECF No. 13). Plaintiff's Complaint is dismissed with prejudice. And it is further;

**ORDERED** that Plaintiff Panda is entitled to assert counter-claims in the corresponding action (15-4022) in order to pursue the declaratory judgment it sought by filing the instant action.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Court