NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANDA APPAREL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT CLOTHING COMPANY, INC.,<br><br>Defendant. | Civil Action No.: 14-5514 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Panda Apparel, LLC ("Panda")'s Motion for Reconsideration of this Court's Order dated July 21, 2015 ("Dismissal Order"), in which the Court found that it lacked subject matter jurisdiction over Panda's declaratory judgment action against Defendant Spirit Clothing Company, Inc. ("Spirit"). (ECF No. 36 (seeking reconsideration of ECF No. 30).) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Panda's Motion for Reconsideration and holds that it has subject matter jurisdiction over Panda's Complaint.

## BACKGROUND

Panda commenced this action on September 3, 2014, seeking a declaratory judgment that its "BF Jersey" does not infringe trademark rights owned by Spirit. (ECF No. 1 ("NJ Action").)[1]

---

[1] Panda seeks the following relief in its Complaint: (1) Declaratory Judgment of Failure of Design to Function as Trademark – Merely Ornamental; (2) Declaratory Judgment of Failure of Design to Function as Trademark – Aesthetically Functional; (3) Declaratory Judgment of Failure of Design to Function as Trademark – Lack of Secondary Meaning; (4) Declaratory Judgment of No Trademark Infringement; (5) Declaratory Judgment of No

Spirit was served with the Complaint on December 29, 2014. (ECF No. 7.) Then, on February 17, 2015, Spirit filed an action in the Central District of California ("CA Action") asserting countervailing claims against Panda that were virtually identical to those set forth in the NJ Action.[2]

On February 18, 2015, Spirit filed a motion to dismiss the NJ Action. (ECF No. 13.) Spirit sought the dismissal of the NJ Action based on its allegations that (1) absent an overt act by Spirit toward Panda related to the purported infringement (*i.e.*, Spirit never sent Panda an intent to sue letter or even acknowledged Panda's existence), Panda failed to allege an appropriate basis for seeking declaratory relief; and (2) that the NJ Action must be dismissed by virtue of Panda's filing of the CA Action. (*See id.*) In opposition to Spirit's motion, Panda argued that an overt act towards Panda was no longer required by controlling case law and that jurisdiction in the District of New Jersey was appropriate, as the NJ Action was first-filed. (ECF No. 24.) In the alternative, Panda requested a stay pending similar motions filed in the CA Action. (ECF No. 25.)

On April 24, 2015, Panda filed a motion to dismiss the CA Action. (*See* ECF No. 36-3.) Panda sought dismissal of the CA Action on the basis that: (1) the CA Action was barred by the first-to-file rule because Panda had filed the NJ Action first; (2) in the alternative, the CA Action should be transferred and consolidated with the NJ Action. (*See id.*)

On June 4, 2015, the Central District of California ruled that the first-to-file rule barred

---

False Designation of Origin; (6) Declaratory Judgment of No Unfair Competition; (7) Declaratory Judgment of No Tortious Activity in Violation of Any Federal, State, or Common Law; (8) Declaratory Judgment of No Trademark Dilution or Tarnishment; (9) Declaration of Invalidity of Defendant's Alleged Trademark Design; and (10) Cancellation of Supplemental Registration No. 4,280,977. (ECF No. 1).

[2] Specifically, Spirit sought relief against Panda for: (1) federal trademark infringement; (2) false designation of origin pursuant to 15 U.S.C. 1125(a); and (3) Unfair Competition. (*See* 15-4022, ECF No. 1.)

the CA Action from proceeding in the Central District of California, noting that "Spirit has failed to demonstrate that any of the exceptions to the first to file rule are clearly applicable." (*See id.*) In accordance with Ninth Circuit precedent, the Central District of California stayed the dismissal or transfer of the CA Action pending a disposition on the motion to dismiss pending in the NJ Action. (*Id.*)

On June 9, 2015, this Court entered an Order staying the NJ Action, pending resolution of the motions before the Central District of California. (ECF No. 27.) In particular, this Court noted that "this matter will only be stayed until the Central District of California determines where jurisdiction is appropriate in that district or whether the entire matter should proceed in the District of New Jersey." (ECF No. 27.)

On June 12, 2015, the Central District of California transferred the CA Action to the District of New Jersey, for the same reasons as set forth in its earlier decision. (ECF No. 36-5.)

Thereafter, on July 21, 2015, this Court dismissed the NJ Action for lack of subject matter jurisdiction on the basis that "there was no affirmative and overt on Defendant Spirit's behalf alleging infringement [against Panda] in this case . . . ." (Dismissal Order ¶ 5.) However, the Court retained jurisdiction over the CA Action and noted that it was "tasked with fashioning a flexible response to the issue of concurrent jurisdiction." (*Id.*) To that end, the Court permitted a realignment of the parties and allowed Panda to assert counter-claims in the CA Action in order to pursue the declaratory relief it sought by filing the NJ Action. (*Id.*)

However, before Panda could assert its counterclaims, on July 23, 2015, Spirit voluntarily dismissed the CA Action that was then pending before this Court. (*Spirit Clothing Company v.*

3

*Panda Apparel LLC*, No. 15-4022, ECF No. 33.) Simultaneous with its voluntary dismissal, Spirit filed another, practically identical, action in the Central District of California, despite the Central District of California's ruling that the case should be litigated in the District of New Jersey.

Pursuant to an Order from United States Magistrate Judge Joseph A. Dickson (ECF No. 34), Panda filed the instant motion for reconsideration on August 11, 2015. (ECF No. 36; *see also* ECF No. 36-1 ("Mov. Br.").) Spirit filed opposition on August 25, 2015. (ECF No. 37 ("Opp. Br.").) In contravention of Local Civil Rules 7.1(d)(3), Panda filed a reply brief without first seeking leave of the Court, which will not be considered for purposes of determining this motion. (ECF No. 38.) The matter is now ripe for resolution.

## LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citations omitted).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). In other words,

reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). "Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.* at 168. Indeed, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

## ANALYSIS

Panda argues that the analysis in the Court's Dismissal Order was based on the older and more stringent "reasonable apprehension of litigation" standard, as opposed to the newer and more lenient "totality of the circumstances" standard, and that the Court thereby committed clear error of law. (Mov. Br. at 15-20.) Panda contends that under the "totality of the circumstances" test, Panda's Complaint provides a clear basis for this Court's exercise of subject matter jurisdiction. (*Id.* at 20-23.) In the alternative, Panda asserts that it would be a manifest injustice to permit Spirit to proceed with the very same action in the Central District of California that had already been transferred to this Court. (*Id.* at 23-25.)

Spirit argues that the Dismissal Order was appropriate and not erroneous. In particular, Spirit asserts that the Court applied the correct legal standard and that under the "totality of the circumstances test" Panda's Complaint is insufficient to demonstrate subject matter jurisdiction because it merely alleges that Spirit owns certain trademarks relating to certain ornamental

5

features and that Panda sells a "BF Jersey" that has similar ornamental features. (Opp. Br. at 3-7.) Spirit stresses that fact that the Complaint contains no facts whatsoever relating to Spirit's litigation history and/or Panda's fear of suit. (*Id.* at 3.) Additionally, Spirit contends that manifest injustice does not exist here because the Central District of California never concluded that this Court had subject matter jurisdiction over the claims. (*Id.* at 7-8.)

The Court agrees with Panda and concedes that it neglected to properly recognize and apply the totality of the circumstances test in the Dismissal Order. Instead, the Court exclusively analyzed Panda's claims based on Panda's reasonable apprehension of suit, and applied that standard in a manner that was overly stringent and inconsistent with precedent. After reconsideration, the Court concludes that under the totality of the circumstances it was error to find that it lacked subject matter jurisdiction over Panda's Complaint.

Panda's Complaint was filed pursuant to the Declaratory Judgment Act. (ECF No. 1 ¶ 1.) The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. To satisfy the "actual controversy" requirement of the Declaratory Judgment Act, the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and [must] be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). There is no bright-line rule for determining whether the case-or-controversy requirement is satisfied. *Id.*

6

"'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

*MedImmune* is significant because it established a "totality of the circumstances test" and found that requiring a plaintiff to demonstrate a reasonable apprehension of suit conflicted with the Court's precedent.[3] *Id.* at 132 n.11. Under the "totality of the circumstances" test, courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 136. And although *MedImmune* "did not change the bedrock rule that a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*—an objective standard that cannot be met by a purely subjective or speculative fear of future harm," *Prasco,* 537 F.3d at 1339, the totality of the circumstances it established "significantly lowers the bar for showing an actual controversy." *Telebrands Corp. v. Exceptional Prods.*, 2011 U.S. Dist. LEXIS 139308, at *6 n.2 (D.N.J. 2011).

Here, the Complaint sufficiently establishes a justiciable Article III controversy under the totality of the circumstances test forth in *MedImmune*. First, the Court takes judicial notice of the numerous litigations Spirit has filed against clothing companies similar to Panda, which demonstrates the adversity of the parties.[4] (*See* Mov. Br. at 12-13 (listing seven lawsuits)). The

---

[3] While the Supreme Court rejected the reasonable apprehension of suit test as the sole test for jurisdiction, it did not completely do away with the relevance of a reasonable apprehension of suit. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008) ("[F]ollowing *MedImmune*, proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test to establish that an action presents a justiciable Article III controversy.").

[4] A district court may take judicial notice of the existence of other litigations when ruling on a motion to dismiss. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) (taking judicial notice of proceedings before other court, noting that "judicial notice can be taken of certain facts such as that a document was filed") (citing *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995); *see also S. Cross Overseas Agencies, Inc. v. Wah*

Court further emphasizes that shortly after Panda filed its Complaint seeking declaratory judgment, Spirit filed a lawsuit alleging trademark infringement against Panda relating to the same set of facts. (*See* CA Action.) Indeed, the Court finds that it would be unjust to ignore the procedural maneuvering that has taken place between the parties subsequent to Panda initiating this action. To that end, the Court also notes that after fashioning a pragmatic remedy in the Dismissal Order by consolidating the two actions before this Court, Spirit voluntarily dismissed the case and refiled an essentially identical complaint in the Central District of California, despite the fact that the Central District of California had indicated that jurisdiction was proper before this Court.

Furthermore, the sole case relied on in the Dismissal Order is distinguishable. As Panda correctly points out, in *Prasco* the court held that "one prior suit concerning different products covered by unrelated patents is not the type of pattern of prior conduct that makes reasonable an assumption that [the patent holder] will also take action against [the plaintiff] regarding its new product." *Prasco,* 537 F.3d at 1341. By contrast, Spirit's multiple litigations concerning substantially similar products covered by trademark shows that *Prasco* is clearly distinguishable and that this Court's exclusive reliance on it in the Dismissal Order was misplaced. In fact, caselaw from this district further demonstrates that Panda has sufficiently shown that a case-or-controversy existed at the time Panda filed the Complaint. *See PharmaNet, Inc. v. DataSci Liab. Co.*, No. 08-2965, 2009 WL 396180, at *7 (D.N.J. Feb. 17, 2009) (holding that a defendant's "history of extensive prior litigation must be viewed in the context of its other actions, and thus supports a finding that there is an Article III case or controversy between the parties.").

---

*Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, [a court] may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion,

In light of this, the Court agrees with Panda that the controversy is substantial and immediate because it affects Panda's continued ability to sell its product and that the case-or-controversy requirement of Article III is satisfied. (*See* ECF No. 1, Compl. ¶¶ 27, 33, 41, 45, 49, 54, 58, 63, 75.) Accordingly, the Court finds that it has subject matter jurisdiction over Plaintiff's Complaint. Furthermore, for the reasons set forth by the Central District of California in its June 4, 2015 Opinion (*see* ECF No. 36-3), the first-to-file rule applies.

## CONCLUSION

Having reconsidered the facts of this case under the appropriate standard, the Court concludes that it has subject matter jurisdiction over the Panda's complaint for declaratory relief. Accordingly, the Court grants Panda's motion for reconsideration. (ECF No. 36.) An appropriate Order accompanies this Opinion.

DATED: September 8, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

---

which is not subject to reasonable dispute over its authenticity.").